

FILED
FEB 24 2020
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO IVAN AGUILAR-QUINONES,<br>Movant,<br>v.<br>UNITED STATES OF AMERICA,<br>Respondent. | Case No.: 3:18-cv-1780-BEN<br>3:17-cr-2447-BEN-1<br><br>**ORDER DENYING MOTION** |

Movant Pedro Ivan Aguilar-Quinones moves under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. For the reasons discussed below, the motion is DENIED.

### I. BACKGROUND

On August 24, 2017, after waiving indictment, Pedro Ivan Aguilar-Quinones was charged by information with one felony count of being a removed alien found in the United States in violation of 8 U.S.C. § 1326(a) and (b). On August 29, 2017, Movant entered into a written plea agreement with the Government. Doc. 19. In the agreement, he agreed to plead guilty and initialed pages containing the following acknowledgments:

(1) That the federal Sentencing Guidelines that would inform his sentence were "only advisory" *id.* at 6;

(2) That this Court "may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction" *id.*;

(3) That the Government "has not made and will not make any representation about what sentence defendant will receive" *id.* at 7;

(4) That "[a]ny estimate of the probable sentence by defense counsel is not a promise and **is not binding on the Court**" *id.* (emphasis in original).

The plea agreement expressly indicated the parties were "free to argue for the applicability of any Specific Offense Characteristic, pursuant to U.S.S.G. § 2L1.2(b), based on the information available at the time of sentencing." *Id.* at 8 n.1. With the exception of Movant's request for only one year of supervised release, the parties requested the same Sentencing Guidelines calculations:

Base Offense Level [USSG § 2L1.2(a)]—**8**

Prior Felony Illegal Reentry Offense [U.S.S.G. § 2L1.2(b)(1)(A)]—**+4**

Post-Deportation Felony with 2+ years prison [U.S.S.G. § 2L1.2(b)(2)(B)]—**+8**

Adjustment for Acceptance of Responsibility [U.S.S.G. § 3E1.1(b)]— **-3**

With a total offense level of 17 and a Criminal History Category of V, the resulting Guidelines Range was 46 to 57 months. During sentencing, the Government followed the plea agreement by recommending Movant be sentenced to the low end of the guidelines: 46 months with 3 years supervised release. Movant recommended the same 46-month term but with only 1 year of supervised release.

On January 18, 2018, the Court held the sentencing hearing and imposed a sentence of 57 months in custody to be followed by 3 years of supervised release. Doc. 28.[1] The

---

[1] When Movant reentered the United States illegally in 2017, he was still on supervised release from a prior conviction in 2009 under 8 U.S.C. § 1326. For his violation of supervised release in that case, the Court sentenced Movant to 24 months in custody with 12 months consecutive to the 57-month sentence at issue in this case. *See* 09-cr-4333-BEN-1, Doc. 51.

judgment was issued on January 29, 2018. Doc. 29. Movant did not appeal his sentence. Movant filed his habeas motion on August 2, 2018. Doc. 31.

## II. DISCUSSION

Under Section 2255, a movant is entitled to relief if the sentence (1) was imposed in violation of the Constitution or the laws of the United States, (2) was given by a court without jurisdiction to do so, (3) was in excess of the maximum sentence authorized by law, or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986). Here, Movant alleges his sentence was imposed in violation of his Sixth Amendment right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *United States v. Alferahin*, 433 F.3d 1148, 1160-61 (9th Cir. 2006).

The United States Supreme Court's decision in *Strickland* holds that a defendant who claims his attorney provided ineffective assistance must demonstrate both that (1) the attorney's performance "fell below an objective standard of reasonableness," and (2) there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687-88. Movant fails to carry his burden. He offers no evidence and only one sentence in support of his claim:

> I was told by my attorney that by signing the plea agreement I won't get no more than thirty seven (37) months or no more than frothy [sic] eight (48) months with the probation violation.

Doc. 31 at 5. In other words, Movant alleges that his lawyer promised him he would not receive a sentence higher than 37 months in 17-cr-2447 or a combined sentence higher than 48 months for the offense in 17-cr-2447 and the supervised release revocation in 09-cr-4333.

The record, on the other hand, contains evidence contradicting Movant's assertion. During his plea colloquy, Movant affirmed—under oath—that he had not been induced to plead guilty by any promises that were not already contained in his written plea agreement:

> THE COURT: Your plea agreement contains certain promises that the United States has made to you.
> Has anyone made any other promises to you to get you to plead guilty that are not contained in your written plea agreement?
> . . .
> MOVANT: No.

Government's Exhibit C (11/27/18 Transcript) at 11:6-13. Likewise, the plea agreement does not reflect any promise made by Movant's attorney that Movant would receive no more than 37 months in custody in 17-cr-2447, or 48 months in custody for both 17-cr-2447 and 09-cr-4333. Rather, the plea agreement contains Movant's express acknowledgement that "[a]ny estimate of the probable sentence by defense counsel is *not* a promise[.]" Doc. 19 at 7 (emphasis added). Because the record is devoid of evidence showing Movant's attorney's performance fell below an objective standard of reasonableness, Movant does not satisfy *Strickland*'s performance prong. Moreover, the only evidence before this Court contradicts Movant's claim. Movant's motion to vacate is DENIED.[2]

### III. CONCLUSION

For the previous reasons, Movant's motion to vacate is DENIED.

DATED: February 21, 2020

HON. ROGER T. BENITEZ
United States District Court Judge

---

[2] A court may issue a certificate of appealability where the movant has made a "substantial showing of the denial of a constitutional right," including by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (internal quotation marks and citations omitted). Because the issues in this case are clear and do not give rise to a question reasonably up for debate, a certificate of appealability is DENIED.